**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00851-PSF-BNB

PENNENERGY, INC., a Delaware corporation,

Plaintiff and Counter-Defendant,

vs.

STARLIGHT RESOURCES, L.L.C., a Colorado Limited Liability Company,
STARLIGHT CORPORATION, a Colorado Corporation, and
TWIN ARROW, INC., a Colorado Corporation,

Defendants and Counter-Claimants.

_____

**AGREED PROTECTIVE ORDER**
_____

Pursuant to Fed. R. Civ. P. 26(c) and the parties' Motion for an Agreed Protective Order, IT IS HEREBY ORDERED that the production or other disclosure of all Confidential Information in connection with this litigation shall be made subject to the following terms:

**DEFINITIONS**

1. "Confidential Information" means all information, documents, and other materials produced or otherwise conveyed during this litigation and designated in good faith by the Producing Party or Designating Party as "Confidential Information" at the time of production or conveyance. "Confidential Information" means a Producing Party's or Designating Party's private, proprietary, commercially valuable and/or competitively sensitive information.

2. "Producing Party" means that party or third party that produces Confidential Information.

3. "Receiving Party" means any party or third party receiving Confidential Information.

4. "Designating Party" means the party or third party that designates its own materials or those of any other party or entity as Confidential Information.

5. "Authorized Personnel" means:

(a) outside attorneys of record for the Receiving Party and members and employees of their firms who are involved in the prosecution or defense of this litigation;

(b) outside consultants or outside expert witnesses who are retained by the Receiving Party or its attorneys of record in connection with this litigation and whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this litigation, except that subparagraph 6(b) shall not include any person who (i) is presently employed by any party, (ii) becomes an employee or of any party or their successors during the pendency of this litigation, or (iii) previously was employed by any of the parties, or their predecessors for a period of two years prior to the filing of this lawsuit;

(c) in-house attorneys of the Receiving Party and their legal-support personnel directly involved in this litigation;

(d) present or former party employees, officers and directors whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this litigation;

  (e) any person who was involved in the preparation of any document, information or other tangible medium containing the information in question or who received or reviewed such document, information or tangible medium for business purposes other than this litigation.  Such person shall be considered "Authorized Personnel" solely with respect to the specific document, information or tangible medium for which the person was involved in the preparation of, or which the person received or reviewed;

  (f) Any person who is questioned as a witness in this action at a deposition or at trial, but only to the extent that the disclosure takes place in the course of the examination in the presence of opposing counsel and such witness has executed the Acknowledgment To Be Bound in the form attached as Exhibit 1 or has orally agreed to its contents on the record during deposition or trial;

  (g) this Court, associated jury, court personnel, and court reporters; or

  (h) any other person with the prior written consent of the Designating Party, which consent shall not be unreasonably withheld.

 6. "Party" means (i) in the case of the Plaintiff: PennEnergy, Inc. and its, agents, investigators, divisions, agencies, owners, directors, officers, employees, representatives, and all other persons or entities acting or purporting to act on its behalf, for its benefit, or in its employ; and (ii) in the case of the Defendants: Starlight Resources, LLC, Starlight Corporation, and Twin Arrow, Inc., and their, agents, investigators, divisions, agencies, owners, directors, officers, employees, representatives, and all other persons or entities acting or purporting to act on their behalf, for their benefit, or in their employ.

## DESIGNATION OF MATERIAL AS CONFIDENTIAL INFORMATION

7. At the time documents or tangible media containing Confidential Information are produced or disclosed, any document or tangible medium that the Producing Party or Designating Party desires to designate as Confidential Information shall be so stamped or marked. If a document contains Confidential Information, the first page of the document shall be marked "Confidential." Items other than documents (such as interrogatory answers, affidavits, computer programs, etc.) shall be similarly marked at a time and in a conspicuous manner appropriate to the particular item. In the case of inadvertent disclosure, documents or information can be subsequently designated as Confidential Information within a reasonable period after the Producing Party or Designating Party becomes aware of the inadvertent disclosure.

8. Deposition testimony that a Party believes qualifies in whole or in part for treatment as Confidential Information shall be appropriately designated as set forth in Paragraph 7 of this Order by written notice to all parties no later than 30 days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, all material in deposition transcripts shall be treated as Confidential Information.

9. A Party may at any time make a good faith challenge to a Producing Party's or Designating Party's designation of any material as Confidential Information by providing the Producing Party or Designating Party with a written notice of the specific reasons why the objecting party believes that the material in question cannot properly be designated as Confidential Information. Within fourteen (14) days after the receipt of such written notice, the Producing Party or Designating Party must file a motion to maintain its designation. In filing

such a motion, the Designating Party shall have the burden of establishing that the information in question merits the designated confidentiality classification. If after receiving written notice of a good faith challenge to a confidentiality designation, the Producing Party or Designating Party fails to file a timely motion to maintain its designation, the documents in question shall lose their designated status. Except as otherwise provided herein, pending the Court's decision on any motion filed by a Producing Party or Designating Party to maintain its designation, the information in question shall continue to be treated according to its original designation as Confidential Information.

## LIMITATIONS ON ACCESS TO INFORMATION

10.     Access to Confidential Information shall be limited to Authorized Personnel.

## THIRD-PARTY WITNESSES

11.     A copy of this Protective Order shall be furnished to each third-party required to produce documents or tangible media. Such third parties may designate documents or tangible media as "Confidential Information" and produce them pursuant to the terms of this Protective Order, and all such information shall be treated in accordance with this Protective Order. A third party's confidentiality designations shall be subject to review in accordance with Paragraph 9 of this Protective Order.

## RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION

12.     The Producing Party or Designating Party shall retain the original documents throughout this litigation. However, nothing in this Protective Order shall be construed to excuse a Producing Party or Designating Party from its obligation to make the original document

available for inspection or prevent a party from seeking production of original documents in an appropriate instance.

13. Confidential Information, including all copies and/or extracts thereof, and all information derived therefrom, shall be held in strict confidence by the Receiving Party and shall not be used for any purpose other than the prosecution or defense of this litigation. In particular, any document, information or other tangible medium produced in this litigation as Confidential Information and anything derived therefrom shall be limited to use for this litigation only and may not be used for any other purpose and specifically may not be used for any business or technical purpose by any Receiving Party or third party. No copies of documents or other materials containing Confidential Information shall be made except by or on behalf of outside counsel of record.

14. By virtue of their appearances in this matter, all counsel for the parties shall be deemed to have acknowledged that they are bound by the terms of this Protective Order. Prior to being provided access to any Confidential Information, all other Authorized Personnel (except Court personnel) shall execute the Acknowledgment To Be Bound by the Terms of this Order in the form attached as Exhibit 1. All such Acknowledgments shall be retained while this litigation is pending and served upon the Producing Party or Designating Party at the conclusion of this litigation. The parties shall not otherwise be required to disclose these Acknowledgments prior to the conclusion of this litigation except upon an order of the Court.

15. Prior to being provided access to any Confidential Information, all third party witnesses shall execute the Acknowledgment To Be Bound in the form attached as Exhibit 1 or shall orally agree to its contents on the record during deposition or trial. In the event a third

party witness refuses to agree to be bound by the Protective Order, counsel for the parties shall confer and attempt to determine a way to allow the witness to review all or portions of those documents that have been marked "Confidential" that are necessary to enable the witness to testify. If the parties are unable to reach agreement on this issue, they may bring the matter to the attention of the Court. Pending resolution of the dispute, either by agreement or by the Court, the third party witness shall not be shown any documents that have been marked "Confidential" unless he or she agrees to be bound by the Protective Order.

16. Limitations on the use or disclosure of Confidential Information shall apply to:

(a) the information itself that has been designated as Confidential, and all information derived therefrom;

(b) portions of the following that refer to, relate to, or contain any such Confidential Information: any document, any affidavit, any interrogatory answer, any testimony (deposition, or trial), any response to a request for admission, any transcript (deposition, hearing, or trial), any writing, any videotape, any drawing, computer tape, electronic medium, and any other tangible medium whatsoever, and associated exhibits or attachments to any of the above;

(c) any reproductions, extracts, and complete or partial summaries prepared or derived from the items described in subparagraphs 21(a) and 21(b) above; and

(d) portions of briefs, memoranda, or any other writings (and associated exhibits) submitted to any court, arbitrator or Party, which reveal or disclose any of the items described in subparagraphs 21(a) through 21(c) above.

17. Any Confidential Information that is filed with the Court **shall be filed in compliance with and subject to D.C.COLO.LCivR 7.2 and 7.3.** ~~, including any pleading or other document referencing or disclosing such information, shall be filed with the Clerk of the Court under seal and made available only to the Court, Court personnel, and counsel of record, except as otherwise agreed by the parties or ordered by the Court.~~

18. Any person or entity who inspects a Party's or third party's Confidential Information shall not utilize such information or create any writing or other record incorporating such information for any purpose whatsoever other than the prosecution or defense of this litigation. All such writings shall themselves be subject to the terms of this Protective Order; writings pertaining to Confidential Information shall be treated as Confidential Information. With the exception of attorney work product and pleadings, all such writings shall be destroyed within sixty (60) days following the conclusion of this litigation. All such retained material shall remain subject to the terms of this Protective Order.

## COMPLETION OF LITIGATION AND RETURN OF CONFIDENTIAL INFORMATION

19. Unless the parties otherwise agree, all Confidential Information, and all copies thereof, shall be returned to the Producing Party or Designating Party within sixty (60) days following the conclusion of this litigation. Counsel for the Receiving Party or Designating Party shall certify (a) that all copies of Confidential Information have been returned to the appropriate Producing Party or Designating Party, and (b) that all related writings, except attorney work product and pleadings, have been destroyed. This Protective Order shall continue to be binding on all persons receiving documents hereunder and upon conclusion of this litigation, the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Protective Order.

Dated July 24, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge


AGREED IN FORM AND CONTENT:


*s/ Rachel A. Yates*
Rachel A. Yates, Esq.
Musu V. Brooks, Esq.
Holland & Hart, LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO  80111
Telephone:  (303) 290-1600

ATTORNEYS FOR PLAINTIFF AND COUNTER-
DEFENDANT PENNENERGY INC.


s/F. Stephen Collins
F. Stephen Collins, Esq.
Joel W. Cantrick, Esq.
Ducker, Montgomery, Aronstein & Bess, P.C.
1560 Broadway, Suite 1400
Denver, CO  80202
Telephone:  (303) 861-2828

ATTORNEYS FOR DEFENDANTS AND COUNTER-CLAIMANTS STARLIGHT RESOURCES LLC,
STARLIGHT CORPORATION, AND TWIN ARROW, INC.

**EXHIBIT "1"**
**ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER**

I, _____ (name of individual), of _____ (name of firm if applicable), (business address) in order to be provided access to information designated as "Confidential" under the Agreed Protective Order entered by the United States District Court for the District of Colorado (the "Court") on the ___ day of _____, 2006, in *PennEnergy, Inc. v. Starlight Resources, et al.,* Case No. 2006-CV-851-PSF-BNB (the "Action"), represent and agree as follows:

    1.    I have reviewed a copy of the Agreed Protective Order and am familiar with its terms.

    2.    For any and all information designated "Confidential" to which I am given access in connection with the Action, I agree to be bound by the provisions of the Agreed Protective Order, including but not limited to the provisions regarding use and disclosure of Confidential Information (as defined in the Agreed Protective Order).

    3.    I consent to the exercise of the jurisdiction over me by the Court with respect to the Agreed Protective Order, which jurisdiction shall be continuing as contemplated in Paragraph 21 of the Agreed Protective Order.

    DATED this ___ day of _____, 200__.

_____    _____
(signature of individual)    (printed name of individual)